**918**

AMERICAN GREINER ELECTRONIC,
INC., Plaintiff,

v.

ESTABLISSEMENTS HENRY–LE
PAUTE, S.A., Defendant.

Civ. A. No. 780–59.

United States District Court
District of Columbia.

May 11, 1959.

Lawrence E. Laubscher, Washington, D. C., for plaintiff.

Miles D. Pillars, Washington, D. C., and Robert D. Spille, New York City, for defendant.

HOLTZOFF, District Judge.

The Court is of the opinion that, although it has jurisdiction over the person and over the cause of action, this is an appropriate situation in which this Court should decline to take jurisdiction in the exercise of discretion.

The action is brought for a declaratory judgment to declare a patent invalid. A few days after this action was instituted, the defendant in this action filed a suit in the District of Connecticut against the plaintiff in this action for infringement of the patent. If the defendant in this action were to file a counterclaim for infringement, the issues in the two actions would be identical.

It lies in the discretion of the Court whether to entertain an action for a declaratory judgment. To maintain such a suit is not a matter of right. The philosophy on which the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, is based and the very purpose of permitting suits to be brought for a declaratory judgment is to allow and provide a method for adjudicating the rights of parties prior to the time that they are in shape for adjudication by a suit for damages or for some other affirmative relief. There is no necessity for a declaratory judgment in the situation here presented because the same issues are involved in the action pending in the District of Connecticut. For that reason, in the exercise of discretion, the Court will decline to take jurisdiction of this action and will grant the motion to dismiss.