TEXAS INSTRUMENTS INC., Plaintiff,

v.

MICRON SEMICONDUCTOR, INC.; Nova Marketing, Inc.; Hyundai Electronics Industries Co., Ltd.; and Hyundai Electronics America, Inc., Defendants.

No. 2:92-CV-0113.

United States District Court, E.D. Texas, Marshall Division.

Feb. 25, 1993.

Carl R. Roth, Law Offices of Carl R. Roth, Marshall, TX, Robert W. Turner, Robert M. Mason, Hal D. Cooper, Robert W. Weller, Jones, Day, Reavis & Pogue, Jay C. Johnson, Texas Instruments, Inc., Dallas, TX, for plaintiff.

Jerry S. Harris, Stephen W. Howard, Harbour, Kenley, Boyland, Smith & Harris, Longview, TX, Wayne M. Harding, Michael McLemore, Clarence E. Ericksen, W. Bryan Farney, Arnold, White & Durkee, Houston, TX, for defendants.

## ORDER AND OPINION

HALL, District Judge.

CAME ON TO BE HEARD THIS DAY Plaintiff Texas Instruments' Motion to Reconsider that portion of the Court's Order of January 20, 1993 transferring Texas Instruments' cause of action against the Defendant Micron Semiconductor, Inc. to the United States District Court for the District of Idaho. This Court, after reviewing the motion and the response and reply thereto, finds that it is not well taken, but that the Court's Order of January 20 should be amended to reflect that the Plaintiff's action against Defendant Micron is stayed, rather than transferred.

## I. BACKGROUND

This case arises out of a dispute between Plaintiff Texas Instruments Incorporated ("TI") and Defendants Micron Semiconductor, Inc. ("Micron"), Nova Marketing Inc. ("Nova"), Hyundai Electronics Industries Co., Ltd. ("Hyundai Industries"), and Hyundai Electronics America, Inc. ("Hyundai"), over licensing agreements for DRAMs.[1] The most recent crosslicensing agreement between TI and Micron expired on September 3, 1992, and the parties had not completed negotiations concerning a new agreement at that time. Micron won the ensuing race to

---

1. A DRAM (Dynamic Random Access Memory), pronounced "DeeRam," is a standard type of semiconductor chip used as memory in a wide variety of applications.

the courthouse, filing suit in its chosen venue, the U.S. District Court for the District of Idaho, on September 2, 1992.[2] *Micron Semiconductor, Inc. v. Texas Instruments, Inc.,* No. 92–0352S (D.Idaho). In that suit, Micron sought a declaration that it was not infringing on 39 of TI's patents.

TI responded by bringing two actions the next day, September 3, 1992, in the Western District of Texas in Austin, and the Northern District of Texas in Dallas. The Austin action covered some of the patents in the Idaho case and has since been dismissed by TI. The Dallas action deals with several of Micron's patents. TI filed this action against Micron on September 25, 1992, including as additional defendants Micron Technology, Inc. (which has been dismissed with Plaintiff's consent), Nova, Hyundai, and Hyundai Industries. In this suit, TI alleges that the Defendants are infringing on United States Letters Patent Nos. 4,533,843 and 4,748,349, which are two of the 39 patents from the Idaho action.

Defendant Micron argued in its previous motion to dismiss or transfer that the "first-to-file" rule requires that this court dismiss this action or transfer it to the District of Idaho, where a previously filed suit involving the same two patents is currently pending. On January 20, 1993, this Court ordered TI's action against Nova stayed, and TI's action against Micron transferred to the District of Idaho. TI now asks the Court to reconsider that part of its Order transferring its claims against Micron.

## II. MOTION TO RECONSIDER

■ Fed.R.Civ.P. 60(b) confers authority on the Court to reconsider its judgments, orders, or proceedings.[3] Of course, the Court's orders are not to be viewed as "mere first drafts, subject to revision and reconsid-

eration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988). However, an abundance of caution and concern for the rights of the parties counsels that the Court, either sua sponte, or upon motion of the parties, reexamine its orders and rulings as necessary to ensure their fidelity to the controlling law. Accordingly, the Court has discretion to entertain a motion requesting it, on such terms as are just, to relieve a party from a previous Order of the Court.

## III. FORUM SHOPPING

In its response to TI's Motion to Reconsider, Micron argues that TI's conduct in prosecuting this and related actions constitutes "blatant forum shopping, which should not be condoned." Defendant's Response at 4. In reality, every litigant who files a lawsuit engages in forum shopping when he chooses a place to file suit. The Court is concerned only with whether the choice of forum is a proper one under the law, and not with the motives of the party selecting the forum. The venue statutes are intentionally broad, and litigants must often make an election from among several options as to where to file a lawsuit. The litigant's right to choose a forum is well established, and there are well-recognized tests under 28 U.S.C. § 1404 to determine whether a party has exceeded the bounds of fairness, convenience, and judicial economy in the selection made. *See, e.g., Box v. Ameritrust Texas, N.A., et al.,* 810 F.Supp. 776 (E.D.Tex.1992).

## IV. DISCUSSION

The Court's Order of January 20, 1993 transferring TI's action against Micron placed substantial reliance on the "first-to-file" rule in deciding to defer to the prior-filed Idaho action. Plaintiff now asks the Court to reconsider that decision, arguing

---

**2.** As one commentator has observed, "[a]ll too often, patent infringement suits begin with a battle over where the war is to be fought." Wydick, *Venue in Actions for Patent Infringement,* 25 Stan.L.Rev. 551 (1973).

**3.** Micron asserts that TI's Motion to Reconsider should be viewed as a Fed.R.Civ.P. 59(e) motion to alter or amend a judgment because it was filed within ten days of the order transferring the

case. *See Lavespere v. Niagara Machine and Tool Works Inc.,* 910 F.2d 167 (5th Cir.1990). However, the Court's previous order transferring the case was not a "judgment," as the *Lavespere* court's summary *judgment* was. Hence the strict standard of Rule 59(e) requiring "manifest errors of law" or "newly discovered evidence" does not apply. *See, e.g., Waltman v. International Paper Co.,* 875 F.2d 468, 473–474 (5th Cir.1989).

that the Court should consider the totality of the circumstances in determining whether the first-filed case should defer to the second-filed one.

### A. "First-to-File" Rule

■ Federal district courts are courts of coordinate jurisdiction and equal rank, and must exercise care to avoid interference with each other's affairs and duplicative litigation. The "first-to-file" rule is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *See, e.g., Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

■ In determining whether to apply the first-to-file rule to an action, a court must resolve two questions: 1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions; and 2) which of the two courts should take the case? *Superior Savings Association v. Bank of Dallas,* 705 F.Supp. 326, 328–329 (N.D.Tex.1989). As to the first inquiry, all that need be present is that the two actions involve closely related questions or common subject matter, or that the core issues substantially overlap. The cases need not be identical to be duplicative. *Id.* at 329 (quoting *Mann Manufacturing, Inc. v. Hortex, Inc.,* 439 F.2d 403, 407 (5th Cir.1971); *see also West Gulf Maritime Association v. ILA Deep Sea Local 24,* 751 F.2d 721, 730 (5th Cir.1985). In this case, the issues of validity and infringement as to the '843 and '349 patents are also present in the Idaho case, which was filed 23 days before this suit. As to the second inquiry, the rule is that the court first seized of jurisdiction over a dis-

pute should be permitted to adjudicate that controversy fully. *West Gulf Maritime,* 751 F.2d at 729; *Mann Manufacturing,* 439 F.2d at 407.

However, the first-to-file rule is not a rigid or inflexible rule to be mechanically applied. As the Ninth Circuit stated in *Church of Scientology of California v. United States Department of the Army,* 611 F.2d 738, 750 (9th Cir.1979):

> "[T]he "first to file" rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly. Circumstances and modern judicial reality, however, may demand that we follow a different approach from time to time...."

(Citation omitted); *see also Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir.1982). The Fifth Circuit has followed the same principles of flexibility with regard to the first-to-file rule. *See, e.g., Mann Manufacturing,* 439 F.2d at 407 ("In the absence of compelling circumstances the court initially seized of the controversy should be the one to decide whether it will try the case"); *West Gulf Maritime,* 751 F.2d at 729. Likewise, the Supreme Court has emphasized that the decision of whether to apply the first-to-file rule is discretionary, and involves determinations concerning "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest,* 342 U.S. at 183, 72 S.Ct. at 221.

### B. Declaratory Judgment Actions and Actions for Infringement

TI argues that actions for infringement traditionally take precedence over declaratory judgment actions, even where later-filed, based on the general policy that a party whose rights are being infringed should have the privilege of electing where to enforce its rights.[4] Numerous cases support this con-

---

**4.** Micron asserts that the Idaho action is more than a declaratory judgment action, since TI has asserted claims for infringement as to each of the patents, and Micron has also added an infringement action against TI as to one of Micron's patents. This argument is not persuasive for three reasons. First, because a claim for infringement is a compulsory counterclaim to a declaratory judgement action, and therefore

*must* be brought, or is waived. Second, Micron is only asserting that TI has infringed *one* of Micron's patents. Finally, TI is not seeking a wholesale transfer or dismissal of the Idaho action, only the severance and transfer of its claims regarding these two patents. TI has admitted that it is satisfied to allow the remainder of the Idaho case to proceed if it can have these two

clusion. *See, e.g., Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.,* 267 F.Supp. 938 (S.D.N.Y.1967); *909 Corp. v. Village of Bolingbrook Police Pension Fund,* 741 F.Supp. 1290 (S.D.Tex.1990). In *Sweetheart,* a prior-filed declaratory judgment action in New York was transferred to the patent infringement action filed in Chicago because the New York court determined that the convenience inherent in the later-filed court outweighed the priority of filing.[5] In *909 Corp.,* the district court articulated persuasive reasons for departing from the first-to-file rule in declaratory judgment versus infringement cases.

> Courts have held that a declaratory claim should be dismissed if it was filed for the purpose of anticipating a trial on the same issues in a court of coordinate jurisdiction. (Citations omitted). The Court cannot allow a party to secure a more favorable forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum.

*Id.* at 1292.

The reason that many courts have disallowed use of a declaratory judgment action to establish venue is found in the underlying purposes of the Declaratory Judgment Act (the "Act"), codified at 28 U.S.C. § 2201. The Act was intended to provide a remedy which would "minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued." 10A C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure* § 2751 at 569 (1983). In *Koch Engineering Company, Inc. v. Monsanto Company,* 621 F.Supp. 1204, 1206 (D.C.Mo.1985), the court rejected the first-to-file rule, holding that the plaintiff's suit was no more than a race to the courthouse, and that it furthered none of the purposes of a declaratory judgment action. Rather, it denied the injured party the right to choose the

forum in which to seek redress. *Id.* at 1207; *see also Cunningham Brothers, Inc. v. Bail,* 407 F.2d 1165, 1167 (7th Cir.1969), *cert. denied,* 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969). *Koch* concluded that the interests of comity and judicial economy would best be served by dismissing the prior suit for declaratory judgment. *Id.* at 1208.

In another declaratory judgment case, *Tempco Electric Heater Corporation v. Omega Engineering, Inc.,* 819 F.2d 746 (7th Cir. 1987), the court also deferred to the later-filed infringement action, stating that:

> [T]he mere fact that Tempco filed its declaratory judgment action first does not give it a "right" to choose a forum ... As we have noted before, "The wholesome purpose of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or choose a forum." (Citation omitted). "[T]he federal declaratory judgment is not a prize to the winner of the race to the courthouse." (Citation omitted).

*See also, American Greiner Electronic, Inc. v. Establissements Henry–LE Paute, S.A.,* 174 F.Supp. 918 (D.D.C.1959); *Technical Tape Corp. v. Minnesota Mining and Mfg. Co.,* 135 F.Supp. 505 (S.D.N.Y.1955). The *Tempco* court went on to state that while a first-to-file rule would have the virtue of certainty, "the cost—a rule which will encourage an unseemly race to the courthouse and quite likely numerous unnecessary suits—is simply too high." *Id.*

## C. Which Court Should Proceed?

Based on the above, TI argues that the dispute concerning these two patents should be resolved in this Court. TI notes several factors in support of this argument, none of which are controverted by the Micron.

First, TI asserts that the litigation of this case may be substantially shortened because one of these patents, U.S. Patent No. 4,533,-843 has been litigated previously in a proceeding before the United States Patent In-

patents tried in the forum of its choosing. Plaintiff's Reply Brief at 9.

**5.** Notable among that court's factors for deciding to transfer the case was the court's determina-

tion that the docket condition in Chicago would afford a speedy disposition. See section IV. C., *infra.*

ternational Trade Commission in 1986. *See In re: Certain Dynamic Random Access Memories, Inv. # 337–242* (USITC 1986). The other patent included in this suit, U.S. Patent Number 4,748,349 is closely related to the '843 patent, which will further simplify evidentiary presentation. This factor alone is a compelling argument for severing these two patents from the other patents in the Idaho suit, none of which, to the Court's knowledge, have been previously litigated.

Second, TI claims that one reason that it has chosen to litigate these two patents in this Court to take advantage of the Civil Justice Expense and Delay Reduction Plan adopted in this District, and this Court's historically current docket.[6] This Court has previously held, in a published opinion, that the adoption of the Plan, as well as the condition of this Court's docket, are significant factors to consider in determining whether a case should be transferred under 28 U.S.C. § 1404(a). *See Box v. Ameritrust Texas, N.A., et al.*, 810 F.Supp. 776 (E.D.Tex. 1992).

Third, there will be no savings of judicial resources if the Idaho case proceeds with these two patents, since this Court will proceed with TI's claims against Hyundai *on these same two patents* in any case. On the contrary, proceeding with this case will conserve judicial resources by providing the parties with the opportunity to determine the rights of TI, Micron, and Hyundai with respect to these two patents using the streamlined and efficient discovery procedures under the Plan, and in the process aid the Idaho court in moving its case to a prompt resolution.

Finally, TI argues persuasively that it will be deprived of a speedy and efficient resolution of its intellectual property disputes with the Defendants if it is forced to litigate all 39 patents in the Idaho action simultaneously. In addition, TI complains that the practical effect of allowing the Idaho action to proceed is to permit Micron to utilize TI's intellectual

property embodied in the '843 and '349 patents indefinitely, without compensation.

■ Despite the above, however, the Court cannot grant the relief TI requests for the reason that the first-to-file rule gives the *first-filed* court the responsibility to determine which case should proceed. *See, e.g., Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir.1982). Apprehension that the first-filed court will fail to appropriately consider the convenience of the parties and the witnesses is not a proper matter for the Court's consideration. *See Kerotest*, 342 U.S. at 185, 72 S.Ct. at 222 (*quoting Graham v. United States*, 231 U.S. 474, 480, 34 S.Ct. 148, 151, 58 L.Ed. 319 (1913)). This Court simply may not, consistent with the principles of comity and conservation of judicial resources, usurp the first-filed court's role.

Plaintiff appears to argue that a second-filed court should be allowed to exercise its discretion to proceed with a case so long as it does not interfere with the first-filed court's jurisdiction, as was the case in *Mann Manufacturing* and *West Gulf Maritime*. The Court does not choose to create such an exception to the first-to-file rule. Rather, the Court finds that the principles of comity that underlie the rule require that this Court defer to the Idaho court the decision as to which case should proceed. The Court has been informed that TI has now filed a motion in the Idaho case requesting that that court sever, stay, or transfer to Texas the portion of the Idaho declaratory judgment action that relates to the patents TI elected to enforce in this Court. That motion, not Plaintiff's Motion to Reconsider, is the proper vehicle to resolve the issue of which court should proceed with these two patents.

Upon further consideration, however, the Court does find that TI's causes of action against Micron should be stayed rather than transferred, as this Court should retain jurisdiction over them until such time as it may appropriately proceed. *See, e.g., Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622,

---

6. A management conference in this case was held on February 1, 1993, and this case is now set for jury selection on November 30, 1993. In contrast, the judge to whom the Idaho case was assigned seems to be less hopeful of an early trial setting. In a recent hearing, he stated that: "[b]y the time you get to trial you will have a new judge. This one will be long gone." Transcript of Hearing, October 30, 1992, Civ. No. 92–0352 5 MJC, D. Idaho, at page 27.

629 (9th Cir.1991) (*citing West Gulf Maritime,* 751 F.2d at 729, n. 1.

### V. CONCLUSION

As discussed above, the Court finds merit with Plaintiff's assertions that its claims against Micron should proceed in this Court along with its claims against Defendant Hyundai. Such a decision would result in the case being litigated in the forum chosen by the aggrieved patent owner, and in the case being resolved more quickly and with much less cost to the parties. Further, allowing the parties to proceed to trial in this Court is consistent with the policies underlying the first-to-file rule, and prevents potential misuse of the Declaratory Judgment Act.

However, as stated above, the court that must make the above determination of which case should proceed sits not in Marshall, but in Boise. Any other conclusion would undermine the considerations of comity that courts of concurrent jurisdiction must observe.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Reconsider is hereby in all things DENIED.

IT IS FURTHER ORDERED that the portion of the Court's Order of January 20, 1993 transferring Plaintiff's action against Defendant Micron Semiconductor, Inc. to the United States District Court for the District of Idaho for further proceedings is hereby VACATED.

IT IS FURTHER ORDERED that Plaintiff's action against Defendant Micron is hereby STAYED pending further order by this Court.