**CHICAGO LINEN EXCHANGE,**
Plaintiff,

v.

**James J. ADLER and Computer Software Architects, Inc., a Maine Corporation,**
Defendants.

No. 95–2105.

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

June 14, 1995.

Stanley A. Schlitter, Jenner & Block, Mark Pollack, Robert T. Markowski, Edward F. Malone, Stephen E. Paffrath, Jenner & Block, Daniel R. Bronson, Bronson & Kahn, Chicago, IL, for plaintiff.

Lorna K. Geiler, Meyer Capel Hirschfeld Muncy Jahn & Aldeen, Champaign, IL, James G. Goggin, Roy S. McCandless, Verrill & Dana, Portland, ME, for defendants.

## ORDER

MIHM, Chief Judge.

Before the Court are the Plaintiff's Motion for Order for Expedited Discovery and Requiring Defendants to Preserve Evidence [4] and Defendants' Motion to Dismiss [7]. Oral argument was previously held on these motions during which the parties agreed to preserve discovery materials. The parties have submitted Proposed Findings of Fact and Conclusions of Law to aid the Court in the resolution of the pending matters. After reviewing all material presented in support of and in opposition to the motions, and for the reasons set forth herein, the Motion for Order for Expedited Discovery [4] is GRANTED IN PART, and the Motion to Dismiss [7] is DENIED.

## Factual Background

Plaintiff, Chicago Linen Exchange (hereinafter "CLX"), filed a Complaint in this Court alleging that Defendants, James Adler and Computer Software Architects, Inc. (hereinafter jointly referred to as "Adler"), misappropriated confidential and proprietary information belonging to CLX by fraud and deception and further alleging that Adler had breached the parties' contract. CLX filed its Motion for Expedited Discovery requesting production of documents, answers to interrogatories, and preservation of evidence. The Defendants agreed, during a telephonic hearing, to preserve discovery documents. Adler's Motion to Dismiss asserts that the allegations in CLX's Complaint are the subject of a declaratory judgment action pending in the United States District Court for the District of Maine which Adler filed prior to the filing of CLX's Complaint in the case at bar. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

## Discussion

 The effect of the declaratory judgment action pending between the parties in the United States District Court for the District of Maine is unclear. The law of the Seventh Circuit provides that the "first to file" rule is not dispositive. *Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 749–50 (7th Cir.1987) (citing *Tamari v. Bache & Co.*, 565 F.2d 1194, 1199 (7th Cir.1977)), *cert. denied*, 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978). The Seventh Circuit has held that a preemptive declaratory judgment action such as the one filed by Adler in Maine should be dismissed in favor of a subsequently filed action for damages or injunctive relief. *Id.* (citing *American Greiner Electronic, Inc. v. Establissements Henry–Le Paute, S.A.*, 174 F.Supp. 918 (D.D.C.1959) and *Technical Tape Corp. v. Minnesota Min. & Mfg. Co.*, 135 F.Supp. 505 (S.D.N.Y.1955)). Under the logic of *Tempco*, the declaratory judgment action filed by Adler in Maine may have become moot once CLX filed its Complaint in Illinois. *Id.* at 749 (declaratory judgment serves no useful purpose once an action for damages or injunctive relief is filed). Adler concedes that the law of the First Circuit is no more instructive than that of the Seventh Circuit as to the "first to file" rule. However, Adler submits that this matter is governed by the rule stated by the Federal Circuit in *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed.Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1126, 127 L.Ed.2d 434 (1994), which rejected the Seventh Circuit's decision in *Tempco*. This Court disagrees with Adler's assertion that the Federal Circuit's decision in *Genentech* controls the disposition of this issue.

 At this time it is unnecessary for the Court to determine whether the law of the First or Seventh Circuit governs the resolution of these motions. The forum issue may be decided on other grounds, which seem consistent with both the First and Seventh Circuits' case law. In evaluating whether a lawsuit should proceed or give way to a previously-filed action between the same parties, the fact that one suit was filed prior to the other is only one of several relevant factors. In *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 507–509, 67 S.Ct. 839, 842–43, 91 L.Ed. 1055 (1947), the Court set forth several factors addressing the relative convenience of the competing forums, including the following:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* at 508, 67 S.Ct. at 843.

In the case at bar, the balance of factors weighs in favor of Illinois as the most convenient forum in which to litigate this matter. The CLX plant, housed in Kankakee County, within the Central District of Illinois, is the location of the software developed by Adler for CLX. Thus, one of the primary sources of proof may be located in the Central District of Illinois. Additionally, CLX submits that many of the important witnesses in this matter are located in Illinois, including the President of CLX, the Chief Financial Officer of CLX, the Director of Marketing for

CLX, the Office Manager for CLX, and customers of CLX. (Plaintiff's Proposed Findings of Fact at 3). Therefore, the cost of obtaining these presumptively willing witnesses will be lower in the Central District of Illinois. Finally, Adler has not argued, and this Court does not find, that the availability of compulsory process weighs in favor of the District of Maine.

For the reasons set forth herein, the Motion to Dismiss [7] is DENIED. At oral argument, the Court indicated that it would defer ruling on the Motion for Expedited Discovery [4] until the Motion to Dismiss was decided. The Motion for Expedited Discovery is GRANTED as it pertains to preserving evidence. As the Court has now ruled on the Motion to Dismiss, it is appropriate to refer this Motion to Magistrate Judge David G. Bernthal in Urbana, Illinois, where the case was originally filed.