**BAR L RANCH, INC., Appellant,**

v.

**Robert L. PHINNEY, District Director of Internal Revenue Service, et al., Appellees.**

**No. 25063.**

United States Court of Appeals
Fifth Circuit.

Aug. 22, 1968.

Dougal C. Pope, Houston, Tex., for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Dept. of Justice, Tax Div., Lee A. Jackson, Harry Marselli, David O. Walter, Marian Halley, Stanley F. Krysa, Meyer Rothwacks, Attys., Richard C. Pugh, Act. Asst. Atty. Gen., Dept. of Justice, Washington, D. C. Morton L. Susman, U. S. Atty., Houston, Tex., James R. Gough, Asst. U. S. Atty., S. D. Tex., Houston, Tex., for appellees.

Before RIVES, GEWIN and THORNBERRY, Circuit Judges.

THORNBERRY, Circuit Judge:

The question presented by this appeal is whether a deficiency assessment, made while a suit for refund of a late filing penalty is pending in the district court and after the expiration of the ninety-day period in which a petition for redetermination could have been filed in the Tax Court, is valid. We hold that the assessment is valid and affirm the district court.

On June 17, 1966, appellant, a Texas Corporation, filed a complaint in the district court seeking to recover a refund for a late filing penalty for 1962. Later in the same day the Commissioner mailed a statutory notice of deficiency to appellant for the same taxable year in the amount of $16,956.36, with a penalty of $4,239.09. Appellant failed to file a petition in the Tax Court for a redetermination of the deficiency within the requisite ninety-day period. On October 14, 1966, the Commissioner assessed appellant for the deficiency, plus interest of $4,319.92, and demanded payment. Appellant has not paid the assessment. In March, 1967, the United States intervened in the district court to claim the unpaid assessment. The district court, sitting without a jury, held the assessment valid, and appeal was taken to this Court pursuant to 28 U.S.C. § 1292(b).

Section 6213(a) of the Internal Revenue Code of 1954 (hereinafter referred to by section number only) provides that a taxpayer may file a petition in the Tax Court for a redetermination of a deficiency within ninety days after the notice of deficiency is mailed and that no assessment can be made prior to the expiration of the ninety-day period or the final judgment of the Tax Court. If, however, the Commissioner issues the notice of deficiency while a suit is pending in the district court for the same taxable year, section 7422(e) stays the proceedings in the district court until the expiration of the ninety-day period in which a petition for redetermination may be filed in the Tax Court and for sixty days thereafter. If the taxpayer timely files a petition in the Tax Court, the entire case is transferred to the extent that the Tax Court acquires jurisdiction over the suit for refund. On the other hand, if the taxpayer does not appeal to the Tax Court, the entire case remains in the district court and the United States may file a counterclaim for collection.[1] See Int. Rev.Code of 1954, § 7422(e).

Appellant argues that after expiration of the ninety-day period in which a petition for redetermination of the deficiency could have been filed in the Tax Court, the district court obtains "sole jurisdiction" of the entire suit, and no assessment should be valid until after final judgment. In effect, the argument is that the same procedures that exist in the Tax Court for a redetermination of a deficiency should be applied to the district court because the legislative history of section 7422(e) indicates that Congress intended to give taxpayers a choice of trying their cases in the Tax Court or the district court where there was a claim for refund and a deficiency determination in the same taxable year. See H.R.Rep.No. 1337, 83d Cong., 2d Sess. A431–32 (1954); S.Rep.No. 1662, 83d Cong., 2d

---

1. Section 7422(e) further provides that the taxpayer shall have the burden of proof with respect to the issues raised by the counter-claim of the United States.

Sess. 610–11 (1954). U.S.Code Congressional and Administrative News, p. 4025.

 The legislative history cited by appellant does not concern the power of the Commissioner to issue a notice of deficiency and make an assessment while a suit is pending in the district court. Rather, it refers to the division of authority between the district court and the Tax Court to avoid concurrent jurisdiction in the two courts over the same disputed taxable year. The Commissioner's power to make assessments is specifically provided for in Section 7421(a). This section provides that except for the procedure in section 6213 (a), and two other sections irrelevant to the instant case, no suit shall be brought for the purpose of restraining the assessment or collection of any tax by any person in any court. The clear language of this section indicates that a stay in the assessment of any tax should be limited in a case like this one to the filing of a petition in the Tax Court, and any suit in the district court challenging the validity of the assessment must be predicated on a payment of the assessment.

In Flora v. United States, 1958, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623, the Supreme Court explained that when a taxpayer chooses to remain in the district court in a case similar to the instant case, "the Government may— but seemingly is not required to— bring a counterclaim; and if it does, the taxpayer has the burden of proof." This language indicates that the counterclaim is a permissive one, and that other methods may be used for the collection of the tax. Thus the Court assumed that any assessment of the tax would be valid since a separate collection suit would have to be based on a valid assessment. See also Florida v. United States, 8th Cir. 1960, 285 F.2d 596. Moreover, in United States v. Joe Graham Post No. 119, American Legion, 5th Cir. 1965, 340 F.2d 474, 477, this Court stated:

> The provisions of Section 7422(e) are designed to give the taxpayer an option, once he has received a 90 day deficiency notice from the Commissioner, to petition the Tax Court for a redetermination of the asserted deficiency or to refrain from filing such a petition and, *having paid the alleged deficiency in full,* proceed in the District Court on its suit for a refund. (Emphasis added.)

 If we were to accept appellant's construction, the statutory scheme of dividing the tax cases between the Tax Court and the district court would be substantially impaired since there would never be any need to file a petition within the ninety-day time period in the Tax Court for a redetermination of the deficiency. Therefore, the clear statutory language and the statutory division of authority between the Tax Court and the district court compel us to hold that the assessment is valid in the instant case.

The ruling that the assessment is valid is affirmed and the case is remanded for a determination of the amount of the deficiency.