**MANN MANUFACTURING, INC.,**
**Plaintiff-Appellee,**

v.

**HORTEX, INC., Defendant,**
**and**

**The B. F. Goodrich Company, Defendant-Appellant.**

**No. 29837.**

United States Court of Appeals,
Fifth Circuit.

March 8, 1971.

---

404

John A. Grambling, Hardie, Grambling, Sims & Galatzan, El Paso, Tex., Edgar H. Kent, R. W. Furlong, Boston, Mass., Ernest K. Bean, James R. Lind-

say, Akron, Ohio, for defendant-appellant; Robert E. Hillman, Boston, Mass., of counsel.

Joe Christie, El Paso, Tex., for Hortex, Inc.

Gerald C. Galbraith, Robert H. Hoy, Jr., Goodman, Hallmark, Hoy, Akard & Galbraith, El Paso, Tex., Allen David Brufsky, Washington, D. C., for Mann Mfg. Co.; Brufsky, Staas, Breiner & Halsey, Washington, D. C., of counsel.

Before COLEMAN, INGRAHAM and WILKEY,* Circuit Judges.

WILKEY, Circuit Judge:

The B. F. Goodrich Co. appeals from a temporary injunction of the District Court for the Western District of Texas forbidding Goodrich from bringing on for hearing a certain motion in its patent declaratory judgment action previously filed against Mann Manufacturing, Inc., in the United States District Court for the Southern District of New York. Goodrich's motion in New York seeks to have Mann's Texas infringement action, to which the temporary injunction is ancillary, consolidated with the New York action, and to have the New York court's injunction prohibiting Mann from suing Goodrich in Texas on the first patent broadened to include the second, which Goodrich alleges is "duplicative" of the one involved in New York. Goodrich also appeals from the order of the District Court in El Paso requiring the parties to proceed with discovery.

Finding that the United States District Court in El Paso failed properly to weigh the effect of its action on the right of the United States District Court in New York to proceed with the action first filed there, and particularly to supervise its own injunction, for reasons of comity and sound judicial administration we reverse and direct that the injunction of the United States District Court for the Western District of Texas be dissolved, its order vacated, and the action brought by Mann be either transferred to the Southern District of New York or dismissed.

I. *The Two Patents and the Two Courts*

In November 1968 in the Southern District of New York Goodrich brought an action for declaratory judgment against Mann, seeking a declaration that in promoting its "Fabrilock" program it was not directly or contributorily infringing United States Patent No. 3,394,-405 ('405), issued to Mann, or, alternatively, that the patent be declared either invalid or unenforceable, or that Goodrich be entitled to a royalty-free license. Goodrich alleged, *inter alia,* that it manufactures and sells "Fabrilock" film throughout the United States for reinforcing the knees of slacks; that Mann has asserted to various of Goodrich's customers that in reinforcing slacks in the way recommended by Goodrich they were infringing the '405 patent; that the patent was invalid because Conklin —the sole inventor asserted by Mann —had derived the invention from others; that the process described in the patent was developed by Mann in collaboration with Goodrich for their mutual benefit and Mann had wrongfully appropriated the entire process for itself; that the patent was invalid because Mann had misled the Patent Office during its prosecution; that the patent was invalid for the usual statutory reasons such as anticipation by or obviousness in view of the prior art, and insufficiency of the disclosure to enable others skilled in the art to use the invention. The New York complaint further alleged that the process recommended by Goodrich and used by its customers did not, at any rate, infringe the claims of the patent.

Shortly after the New York suit on patent '405 was filed by Goodrich, Mann sued in the Western District of Texas on the same patent, naming Goodrich along with Hortex, Inc., an El Paso garment manufacturer who used "Fabrilock" to reinforce the knees of permanent crease

* Of the District of Columbia Circuit, sitting by designation.

slacks, as infringers. Then Mann moved the New York court to transfer Goodrich's declaratory judgment action to Texas for consolidation with the infringement suit, arguing convenience of forum, since both Mann and Hortex were located primarily in El Paso. After oral argument on 29 January 1969, at which it was brought out that Hortex was only one of over 70 garment manufacturers using "Fabrilock" to reinforce the knees of permanent crease slacks and that many of those were located in the New York area, Mann's motion to transfer to Texas was denied from the bench, and Goodrich's motion to enjoin the Texas action was granted. The United States Court of Appeals for the Second Circuit affirmed.

We come now to United States Patent No. 3,503,821 ('821), issued to Mann on 31 March 1970, whose relationship to the '405 patent gives rise to the questions raised on appeal. Both patents derived from the same application which had originally contained a group of claims directed to a method of reinforcing a fabric *per se* and another more specific group of claims directed to a method of reinforcing the knee area of a permanent press pair of slacks. A single patent application may be restricted to claims directed to only one independent invention [1] and the patent examiner, believing the two groups of claims to be directed to two distinct inventions, required Mann to restrict the original application to one. Mann chose the group of claims directed to the method of reinforcing the knees of permanent press slacks and prosecuted the original application, with these appended, to maturity on 23 July 1968 as the '405 patent. At about the same time Mann filed a divisional application, disclosing the identical process in its specification and drawings, but claiming the method for reinforcing a fabric *per se*. This application matured into the '821 patent.

On 31 March 1970, the day the '821 patent issued, Mann filed a complaint in the United States District Court for the Western District of Texas charging Goodrich and Hortex with infringement of its '821 patent claims by virtue of the identical acts it had alleged infringed the '405 patent in its first Texas suit, *i. e.*, Goodrich's promotion of its "Fabrilock" program within the District and Hortex's use of "Fabrilock" film to reinforce permanent press slacks at the knees. Goodrich responded by moving the New York court for permission to add by supplemental complaint the '821 patent to its original request for declaratory judgment, and for modification of the New York injunction to include the second Texas action, alleging that the two patents differed only in immaterial respects and were essentially duplicative of each other.

Mann then applied to the Western District of Texas for a temporary restraining order and preliminary injunction prohibiting Goodrich from bringing on its motion in New York. To preserve his jurisdiction over the controversy on the '821 patent until he could decide the propriety of his entertaining suit, the District Judge entered a temporary restraining order against Goodrich. Thereafter a hearing was held on the preliminary injunction, at which time the District Court in Texas had before it the records made in the New York and Texas suits on both patents.

On 7 May 1970 the United States District Court for the Western District of Texas issued a temporary injunction against Goodrich and Hortex, enjoining them from proceeding with any further action involving the '821 patent in New York, provided that if it should be shown upon further discovery in either the New York or Texas suits that there should be one proceeding encompassing both patents, the District Court in Texas would be free to transfer the case to

1. 35 U.S.C. § 121 provides, in pertinent part:

    If two or more independent and distinct inventions are claimed in one application, the Commissioner may require the application to be restricted to one of the inventions * * *.

New York for consolidation. Pursuant to this, the District Judge ordered discovery to proceed in both suits. From these actions Goodrich appeals.

II. *Impact of the Injunction on the Prior Jurisdiction and Injunction of the District Court in New York*

██ In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case.[2] Since suit on the '821 patent was first brought in Texas, we find that the trial judge acted properly in temporarily restraining Goodrich from proceeding with a motion in New York that, if successful, could have stripped him of all jurisdiction over the controversy before he had the chance to hold a hearing and decide the question for himself.

However, we cannot affirm the action of the trial judge in continuing his order as a temporary injunction after the hearing in view of what was brought out in the record. The record contained copies of the '405 and '821 patents, clearly showing their identical descriptive portions; it also contained the complaints filed by Mann on both patents, alleging infringement by identical acts of Goodrich and Hortex. Here was evidence that much of the proof adduced in New York and Texas regarding infringement of the patents would likely be identical. With respect to the issues involved in each suit, it could be seen from Goodrich's declaratory judgment complaint that, aside from the usual issues of validity and infringement involving a matching of prior art disclosures and accused practices with the elements of the differing claims of each patent,[3] possibly substantial issues such as the insufficiency of the identical disclosures to meet statutory requirements, the alleged lack of inventorship of Conklin, the alleged deception of the Patent Office by Mann, and the alleged wrongful appropriation of the process by Mann, would be up for decision in either suit.

In other words, the record shows that the overall content of each suit, far from being capable of independent development, would likely overlap to a substantial degree. While indicative and persuasive of the action we think should have been taken here, such a likelihood does not necessarily compel the trial judge to order consolidation of the suits for trial, because the possibility would remain that the *dominant* issues might ultimately turn out to be distinct in each suit. Feeling that discovery would aid in pin-pointing these a judge may act well within his discretion in delaying the crucial decision and ordering the parties to proceed with discovery in both actions.

██ But here, the trial judge was confronted with an additional pertinent circumstance—the New York court's prior injunction preventing Mann from proceeding against Goodrich and Hortex on the '405 patent in Texas. It is well settled that the issuing court has continuing power to supervise and modify its injunctions in accordance with changed conditions. As the Supreme Court said in System Federation No. 91, Railway Emp. Dept., A.F.L.-C.I.O. v. Wright:[4]

There is also no dispute but that a sound judicial discretion may call for

2. Rickey Land & Cattle Co. v. Miller & Lux, 218 U.S. 258, 31 S.Ct. 11, 54 L.Ed. 1032 (1910); In re Georgia Power Co., 89 F.2d 218 (5th Cir. 1937); Tivoli Realty v. Interstate Circuit, 167 F.2d 155 (5th Cir. 1948).

3. This is not to say that we consider these issues insubstantial. We are well aware that in patent suits the issue of validity is normally tried first, and that if the patent is declared invalid, the remaining issues are never tried. In the present case, we have noted that the prior art cited by the Patent Office against the claims of the '405 and '821 patents completely differs, raising a prima facie possibility that the issue of validity over the prior art may turn on different facts in each case.

4. 364 U.S. 642, 647, 81 S.Ct. 368, 371, 5 L.Ed.2d 349 (1961). (Emphasis added.)

the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen. The source of the power to modify is of course the fact that an injunction often requires continuing supervision *by the issuing court* and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief.

When a court is confronted with an action that would involve it in a serious interference with or usurpation of this continuing power, "considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction * * * and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there." 5

In this case, the court was confronted with evidence indicating the likelihood that the content of Mann's suit on the '821 patent would substantially overlap that of a suit on the '405 patent. And the New York court, to prevent multiple litigation of a single controversy, had already enjoined Mann from suing Goodrich and Hortex on the '405 patent in Texas. In enjoining Goodrich from bringing these circumstances to the attention of the New York court and assuming to decide itself whether the suits on the two patents actually overlapped sufficiently in content to preclude two

trials, the United States District Court in Texas seriously interfered with the continuing power of the United States District Court in New York to supervise its own injunction. In fact, the court in New York was effectively precluded from considering modification of its injunction in light of what the record here disclosed to be a likely threat to its effectiveness.

■ Once the likelihood of substantial overlap between the two suits had been demonstrated, it was no longer up to the court in Texas to resolve the question of whether both should be allowed to proceed. By virtue of its prior jurisdiction over the common subject matter and its injunction of suit involving that subject matter in Texas,[6] the ultimate determination of whether there *actually* was a substantial overlap requiring consolidation of the two suits in New York belonged to the United States District Court in New York.

We, therefore, direct the United States District Court for the Western District of Texas to dissolve the injunction preventing Goodrich from bringing on its motion in New York, to vacate the order requiring discovery to proceed in both suits, and either to transfer the action brought by Mann Manufacturing, Inc., on U.S. Patent No. 3,503,821 to the Southern District of New York or to dismiss the suit.

Reversed and remanded with instructions.

---

5. Lapin v. Shulton, Inc., 333 F.2d 169, 172 (9th Cir. 1964), cert. denied 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964).

6. *See* Rickey Land & Cattle Co. v. Miller & Lux, 218 U.S. 258, 262, 31 S.Ct. 11, 13, 54 L.Ed. 1032 (1910), where, when confronted with two suits overlapping at their substantive issues, the Supreme Court said: "We are of opinion, therefore, that there was concurrent jurisdiction in the two courts, and that the substantive issues in the * * * suits were so far the same that the court first seized should proceed * * * without interference."

Hence, regardless of whether or not the suits here are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in New York, the jurisdiction first seized of the issues. And by virtue of its continuing power over its injunction prohibiting suit on the '405 patent in Texas, the New York court is the proper forum to determine if the suit on '821, which we find *likely* to overlap in a substantial manner the suit on '405, *actually* overlaps it to the extent requiring consolidation.