**Isaac C. HEMMINGS and Claude P. Brown, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. H–92–3957.**

United States District Court, S.D. Texas, Houston Division.

June 23, 1993.

Robert I. White, Houston, TX, for plaintiff Isaac C. Hemmings.

Mary C. Vance, Dept. of Justice, Tax Div., Dallas, TX, for defendant U.S.

## ORDER

HOYT, District Judge.

Pending before the Court is the plaintiffs' motion for order to show cause why the United States of America, Internal Revenue Service should not be sanctioned for violating this Court's order to not proceed further with related litigation. The Court, having reviewed the response and briefs, is of the opinion that the Court's previous order staying the proceedings and enjoining the Internal Revenue Service from litigating a related suit filed in the District Court of North Carolina, shall be affirmed.

### Factual Background

In mid–1992, a penalty in the amount of $7,618,977.50 was assessed against the plaintiffs individually pursuant to the Internal Revenue Code. 26 U.S.C.A. § 6672 (1988 & Supp.1993). Each plaintiff filed a timely claim for refund after tendering a portion of the assessment; yet, the claims were denied by the Internal Revenue Service. Therefore, the plaintiffs filed suit in this Court to recover the amount of the assessment tendered.

On the heels of the plaintiffs' suit, the Internal Revenue Service then filed a collection suit in a district court in North Carolina to collect the $7,618,977.50 in unpaid payroll taxes from the individual plaintiffs. This Court ordered the parties in this suit to refrain from further litigation in North Carolina until the Internal Revenue Service's claim for these same taxes, pending in a Georgia bankruptcy court, was resolved. That bankruptcy proceeding was filed by the corporation where the plaintiffs served as officers and/or directors.

The Internal Revenue Service contends that: 1) venue with respect to plaintiff Claude P. Brown in the refund suit is improper, 2) there exists no authority enabling this Court to enjoin the North Carolina collection suit, and 3) the collection suit is not a compulsory counterclaim.

### Discussion

 First, the Internal Revenue Service alleges that venue is improper in this Court as to the plaintiff Brown. Under 28 U.S.C.A. § 1402(a)(2) (1993), an exception to the venue

rule permits any matter pending wherein a district court, for the convenience of the parties, to be transferred to any other district or division.

Initially, Brown filed his refund suit in Atlanta, Georgia. As a matter of convenience, Brown transferred his refund suit to this Court for consolidation with the Hemmings' suit. Therefore, venue is proper in this Court under § 1402 because the Hemmings' suit is properly placed. Moreover, Brown is not complaining and he would be the complaining party.

■ Next, the Internal Revenue Service alleges that this Court has no authority to enjoin the North Carolina collection suit. The Internal Revenue Service states that such action is barred, as a matter of law, in suits involving federal tax liabilities by the Anti–Injunction Act, 26 U.S.C.A. § 7421 (1989).

■ It is true that the Anti–Injunction Act prohibits suits that restrain the assessment and the collection of tax. *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1961), *reh'g denied,* 370 U.S. 965, 82 S.Ct. 1579, 8 L.Ed.2d 833 (1962). This authority, notwithstanding, does not prevent a United States District Court hearing a particular case, from enjoining the filing of related law suits in another federal court. *Schauss v. Metals Depository Corp.,* 757 F.2d 649, 654 (5th Cir.1985). This Court has the authority, inherent in the post, to exercise its discretion to avoid duplication of proceedings where related claims are being litigated in other districts. *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403 (5th Cir.1971). In *Mann,* the Fifth Circuit concluded that the court with prior jurisdiction over a common subject matter may best resolve all issues prosecuted in the related actions. *Id.* at 407.

This Court was the first court to acquire jurisdiction over all the individual parties. Therefore, this Court may best resolve any pending issues after the bankruptcy proceeding concludes, thereby preventing "piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 729 (5th Cir.1985). The Internal Revenue Service's claim, although not unmeritorious, cuts against judicial economy and good sense.

■ Finally, the Internal Revenue Service alleges that the collection suit is not a compulsory counterclaim. The Internal Revenue Service argues that it may, but seemingly is not required to, bring a counterclaim and if it does the taxpayer has the burden of proof. *Bar L Ranch, Inc. v. Phinney,* 400 F.2d 90, 92 (5th Cir.1968).

Although such a claim may be permissive, once the Internal Revenue Service comes into court seeking judicial relief, the same rules must apply as to any other party seeking relief. The *Bar L Ranch* holding, notwithstanding, Fed.R.Civ.P. 13(a) provides that a compulsory counterclaim is any claim arising out of the transaction or occurrence that is the subject matter of the opposing party's claim. Clearly, the Internal Revenue Service's collection suit and the plaintiffs' suit to recover amounts paid toward the assessment are logically related. Moreover, the "logical relationship test" dictates that the claims are sufficiently related so as to be compulsory. *Montgomery Elevator Co. v. Building Eng'g Services Co.,* 730 F.2d 377, 380 (5th Cir.1984). A logical relationship exists when the "same operative facts serve as the basis of both claims." *Id.*

The Court finds and concludes that both the collection and refund suit involve the same operative facts and arise out of the same occurrence, the Internal Revenue Services' attempt to collect unpaid payroll taxes from the plaintiffs and the plaintiff's efforts to collect the portion of the assessment tendered. The Court's previous order enjoining litigation between these same parties on the same issues in North Carolina is reaffirmed.

It is so ORDERED.