**IN RE: TELEBRANDS CORPORA-
TION, Bed Bath & Beyond,
Inc., Petitioners.**

**2016-106**

United States Court of Appeals,
Federal Circuit.

Filed: 02/24/2016

David Boies, Attorney, Boies, Schiller & Flexner, LLP, Armonk, NY, Elana Araj, Robert Thomas Maldonado, Attorneys, Cooper & Dunham, LLP, New York, NY, Stacey K. Grigsby, Counsel, David Michael Underhill, Boies, Schiller & Flexner, LLP, Washington, DC, for Petitioners.

Thomas Mansfield Dunlap, David Ludwig, Eric Lorenz Olavson, Robert ·D. Spendlove, Attorneys, Dunlap Bennett & Ludwig PLLC, Leesburg, VA, Cortland Christopher Putbrese, Attorney, Dunlap Bennett & Ludwig PLLC, Richmond, VA, for Respondents.

Before MOORE, LINN, and WALLACH, Circuit Judges.

## ON PETITION

LINN, Circuit Judge.

## ORDER

Telebrands Corporation and Bed Bath & Beyond, Inc. petition for a writ of mandamus to direct the United States District Court for the Eastern District of Texas to vacate its order denying their motion to dismiss or alternatively to transfer to the United States District Court for the District of New Jersey. Tinnus Enterprises, LLC and ZURU Ltd. oppose the petition.

### BACKGROUND

The respondents in this case are Texas-based Tinnus, whose founder and owner is the creator of Bunch O Balloons, a product that allows a user to fill a large number of water balloons simultaneously, and ZURU, Tinnus' business partner and purported exclusive licensee to Tinnus' trademark and patent rights. ZURU has brought a separate suit in New Jersey against Telebrands, the manufacturer of the competing Balloon Bonanza product. ZURU alleges trade dress and trademark infringement, fraud under New Jersey state law, and copyright infringement. That case is ongoing.

ZURU subsequently wrote to Telebrands' customers stating the Balloon Bonanza product "breaches ZURU intellectual property claims" and that "ZURU has pending patents which will be granted within an anticipated 4 months (On track 1 with the USPTO) which we believe Balloon Bonanza to most certainly be in breach of"

(emphasis omitted). Based on those letters, Telebrands counterclaimed for tortious interference and unfair competition for "falsely claiming to have patent rights" and was awarded a temporary restraining order in February 2015 and a consent order in May 2015 concerning ZURU's contacts with Telebrands' customers.

In June 2015, ZURU and Tinnus filed this complaint in the Eastern District of Texas. The Patent and Trademark Office had earlier in the day issued to Tinnus U.S. Patent No. 9,051,066. The complaint alleges that Telebrands' manufacture and sale of its Balloon Bonanza product infringes the patent as did Bed Bath & Beyond's sale of Telebrands' product. Petitioners moved for dismissal or transfer to New Jersey where they are both headquartered on the grounds that New Jersey was a more convenient venue and, alternatively, that the New Jersey case was the first-filed action.

The magistrate judge issued a report and recommendation finding that Petitioners' motion should be denied because "there is no real risk of duplicative litigation or judicial inefficiency" and Texas is home to more identified witnesses and sources of proof and has a strong local interest in the case given it is where the inventor of the patent lives and works. *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:15-cv-00551 (E.D. Tex. Aug. 31, 2015) (hereinafter "*Report*"). Over Petitioners' objections, the district judge accepted the magistrate's recommendations on December 2, 2015. This petition for a writ of mandamus followed.

## DISCUSSION

■ A party seeking a writ bears the burden of proving that, among other things, the right to issuance of the writ is " 'clear and indisputable.' " *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542

U.S. 367, 381, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (quoting *Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)). This exacting standard is not satisfied here.

### A.

■ This court first addresses Petitioners' challenge to the district court's first-to-file rule analysis. That rule stands for the common sense proposition that, when two cases are the same or very similar, efficiency concerns dictate that only one court decide both cases. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *cf. Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Where the overlap is complete or nearly complete, the usual rule is for the court of first jurisdiction to resolve the issues. *See West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985).

■ But where there is less overlap, the second district court has considerably more discretion. The " 'judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute.' " *Save Power*, 121 F.3d at 951 (citing *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)). And on mandamus review, we ask only whether that judgment amounted to a clear abuse of discretion. *See Cheney*, 542 U.S. at 380, 124 S.Ct. 2576.

■ Petitioners raise arguments attacking whether the proper legal standard was used and how it was applied to the facts of this case, but none is availing under this highly deferential standard of review. The magistrate judge correctly explained that

the primary issue here given the differing claims in each case was whether the facts and issues "substantially overlap." *Report* at 4 (citing *In re Spillman*, 710 F.3d 299, 307 (5th Cir. 2013) and other cases). He considered the risk of duplicative litigation or judicial inefficiency that would result in having these cases remain separate. He also listed factual and legal issues that could overlap, including Petitioners' argument that both cases could present similar issues pertaining to the interpretation of a license agreement between ZURU and Tinnus.

The magistrate judge focused on the different tasks of each case and found good reason for them to remain separate: the New Jersey court in all likelihood would not have to determine the validity of the patent and whether each claim limitation was met; and the Texas case would not require the court to determine most, if not all, of the issues present in the New Jersey action. *Report* at 9. The magistrate judge acknowledged that there could be some overlap in the factual and legal issues. However, the magistrate judge noted that "[e]ach of the overlapping issues identified by Defendants will necessarily take on different factual inquiries as it pertains to the varying claims asserted between the actions." *Id.* at 9–10.

Petitioners contend that the district court placed too much focus on whether the Texas and New Jersey actions shared common causes of action. Petitioners are correct that the nature of the causes of action was a factor in deciding against transfer. But Petitioners are not correct in suggesting that the district court applied an improper legal standard. The magistrate properly found that transfer was not required under the first-to-file rule because the two actions were not identical or nearly identical. He thus sought to determine whether the facts and legal issues

created a substantial overlap. Petitioners may take issue with the outcome of that analysis. But as a matter of process, we cannot say that the Petitioners are clearly and indisputably entitled to the relief they seek in this mandamus petition.

Petitioners extensively argue that the two cases raise the possibility of two courts having to decide related legal and factual issues. In particular, Petitioners assert that both cases involve "intellectual property claims," Petition at 2, and "the same parties, the same products, the same marketing and advertising, the same communications with customers, the same sales, the same profits, and the same license agreement." *Id.* at 15. Petitioners further argue that, based on their counterclaims in the New Jersey action, both courts may have to decide issues relating to patent validity and infringement. *Id.* at 19.

The magistrate judge here considered the potential overlapping issues, including the license agreement and New Jersey counterclaims. After considering the overlap, the magistrate judge concluded it was not substantial and that "there is no real risk of duplicative litigation or judicial inefficiency when both this Court and the court in New Jersey will be ultimately tasked with resolving separate legal claims" and "the resolution of any of the claims in New Jersey will not extinguish the patent infringement claim in this District, and vice versa." *Report* at 11.

In attempting to show a clear abuse of discretion, Petitioners cite to cases in which transfer was deemed appropriate even when the parties and the issues were not identical. But they cite no appellate court case or even a district court case, and we have not found one on our own, supporting the proposition that one court must hear all forms of intellectual property misappropriation of an accused product.

The closest case they cited only dealt with closely related allegations of patent infringement. *See, e.g., Aventis Pharm. Inc. v. Teva Pharm. USA Inc.*, 2007 WL 2823296 at *2 (E.D. Tex. Sept. 27, 2007). They cite no case where different types of intellectual property claims were consolidated.

■■ At bottom, Petitioners point to the potential duplication on the part of the Texas and New Jersey courts. But we do not reverse no-transfer decisions just for some risk of duplication. *See Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 679 (5th Cir. 2011); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) (noting likely overlap "does not necessarily compel" consolidation because "dominant issues might ultimately turn out to be distinct in each suit"). This case may be a close one, but the remedy of mandamus is only available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. Given this heightened standard of review on mandamus petitions, Petitioners have not shown they are clearly and indisputably entitled to the relief they seek.

### B.

■■ Petitioners also request mandamus relief based on the contention that transfer is proper under 28 U.S.C. § 1404. The decision whether to grant a motion to transfer venue under § 1404(a) is committed to the sound discretion of the trial court to be decided based on case-specific considerations of convenience and fairness. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). This court sees no clear and indisputable error in the trial court's application of those considerations to the facts of record.

The magistrate judge considered the traditional private and public factors raised by the parties. He found that some factors, including judicial economy, did not favor either venue. And he found that several factors, including the ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, the cost of attendance of willing witnesses, and the local interest, all disfavored transfer given the presence of Tinnus, the inventor, and several witnesses in Eastern Texas. After considering these factors, the magistrate judge found that Petitioners had failed to show the good cause needed to recommend granting transfer.

Petitioners contend that with regard to availability of non-party witnesses, the magistrate judge "over counted the number of potential witnesses in Texas, and under-counted the number of potential witnesses in New Jersey." Petition at 23–24. Specifically, Petitioners contend that Respondents "identified only *five* third-party witnesses who reside within the entire state of Texas" while ignoring the presence of witnesses in New Jersey. *Id.* at 24. But Petitioners only identify three potential witnesses in New Jersey by name. *See id.* at 24–25. Thus, on Petitioners' own terms, the convenience of these witnesses does not clearly favor transfer to New Jersey.

Petitioners also contend that New Jersey actually has the stronger local interest in deciding this dispute. The magistrate judge rejected this contention, noting that "Defendants fail[ed] to point to any specific local interest other than the mere location of Defendants in New Jersey" while "Plaintiffs, on the other hand, have identified the inventor of the patent-in-suit who lives and works in this District, and whose invention ... will be directly called into question in this litigation." *Report* at 16. Petitioners have given us no reason to disturb that conclusion. They assert that

the New Jersey case was not considered in the transfer analysis. But this specific argument was not raised in their transfer motion and, in any event, it would not have been an abuse of discretion for the district court to reject it.

Petitioners finally contend that insufficient weight was accorded to the sources of proof in New Jersey and to judicial economy considerations. However, we cannot say that these considerations clearly outweigh the countervailing reasons for keeping the patent case in Texas. While relevant documents are in New Jersey, others are in Texas. *See Report* at 12. And, while some litigation resources could be saved by having the New Jersey court try both cases together, Petitioners have not shown it would have been a clear abuse of discretion to determine that the convenience and public interest of having the patent case tried in Texas outweighed that consideration.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.