[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14510
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-03143-MHC

REBECCA B. DUWELL,
DONALD G. JONES,
et al.,

Plaintiffs-Appellants,

versus

ATLANTA MEDICAL CENTER,
DR. BHARAT R. NARAVETLA,
et al,
EMORY HEALTHCARE,
EMORY UNIVERSITY HOSPITAL,
CEO JOHN T. FOX,
DELTA AIRLINES AND INSURANCE CO., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 10, 2016)

Before HULL, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Plaintiffs Rebecca Duwell and Donald Jones appeal pro se the district court's sua sponte dismissal of their pro se civil action for damages asserting claims of medical malpractice and violations of various federal statutes including ERISA and HIPAA, against numerous defendants. The district court dismissed the plaintiffs' action because the plaintiffs violated a previously entered permanent injunction requiring leave of court before filing a new civil action. After review, we affirm.[1]

The district court had the authority to dismiss the plaintiffs' action sua sponte pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent power to enforce its orders and provide for the efficient disposition of litigation. See Fed. R. Civ. P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006).[2]

Furthermore, the district court did not abuse its discretion in doing so here given that both plaintiffs had been forewarned. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). In 2012, the District Court for the Northern District of

---

[1]This Court reviews a district court's decision to dismiss a case for failure to comply with an order of the court for an abuse of discretion. Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999).

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent decisions of the Fifth Circuit decided on or before September 30, 1981.

Georgia entered the permanent injunction against Jones in a separate federal action in which both Jones and Duwell were co-plaintiffs. See Duwell v. Home Bank, No. 3:12-cv-00024-TCB (N.D. Ga. June 15, 2012) (unpublished). The injunction is clear that before filing any new civil action in any federal court, Jones, who has a history of vexatious litigation, and anyone "in active concert and participation with him" must first obtain the federal court's leave by submitting an "Application for Leave to File Pursuant to Court Order" that provides certain information, including a copy of the proposed complaint. Despite this notice, neither Jones nor Duwell submitted the required application before filing this new federal action in 2015.[3] Moreover, because Duwell was a party to the prior action with notice of the injunction, the district court did not abuse its discretion by dismissing the action as to both plaintiffs instead of dismissing only Jones.

The district court's dismissal did not infringe Duwell and Jones' due process rights. See Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011). As a party to the previous action, Duwell was on notice that the injunction prohibited her from filing future federal actions in concert with Jones that violated the injunction's terms. The injunction gave further notice that dismissal of an action was a possible consequence of violating its terms.

---

[3]Jones argues that he submitted an application in an unrelated action, which the district court has not ruled upon. That document is not part of this record, however, and, in any event, would not comply with the injunction's terms, which require Jones and anyone filing an action with Jones to submit a new application for each action.

Nor did the district court's dismissal infringe on their right to access to the courts.  In order to protect court access for all litigants, the district courts may use injunctions to limit the ability of vexatious litigants such as Jones to access the courts as long as the injunction does not completely foreclose the litigant from any access to the courts.  Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc).

Further, Duwell's contention that the district court violated her right to a jury trial lacks merit because the district court dismissed the action based on a matter of law.  See Garvie v. City of Fort Walton Beach, 366 F.3d 1186, 1190 (11th Cir. 2004).

To the extent Duwell and Jones challenge the validity of the injunction, their arguments do not excuse their failure to follow its directions in this action.  See Alley v. U.S. Dep't of Health & Human Servs., 590 F.3d 1195, 1203 (11th Cir. 2009) ("[P]ersons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order." (quotation marks omitted)).  Jones failed to pursue his appeal of the permanent injunction, has not sought its modification in the district court, and cannot collaterally attack the injunction in this appeal.  See id. at 1203-04; Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 407-08 (5th Cir. 1971).

Finally, we find the plaintiffs' claims of judicial bias wholly without merit. For all these reasons, we affirm the district court's <u>sua sponte</u> dismissal of the plaintiffs' action.

**AFFIRMED.**