NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re: SEATTLE SPINCO, INC., MICRO FOCUS
LLC, MICRO FOCUS INTERACTIVE ISRAEL LTD.,
MICRO FOCUS GOVERNMENT SOLUTIONS LLC,
MICRO FOCUS (US) INC.,**
*Petitioners*

---

2020-123

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 4:18-cv-00469-ALM, Judge Amos L. Mazzant III.

---

**ON PETITION**

---

Before O'MALLEY, WALLACH, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

## O R D E R

Petitioners Seattle SpinCo, Inc. et al. (collectively, "SSI") petition for a writ of mandamus directing the United States District Court for the Eastern District of Texas to transfer this case to the United States District Court for the District of Delaware.  Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively, "Wapp") oppose.  We deny the petition.

BACKGROUND

In July 2018, Wapp filed this suit in the Eastern District of Texas against Micro Focus International plc ("MF plc"). The complaint alleged that MF plc, a software company headquartered in the United Kingdom, infringed three of Wapp's patents by making, using, selling, and offering for sale certain accused software products.

On October 15, 2018, two of MF plc's U.S. subsidiaries, Seattle SpinCo, Inc. and Micro Focus LLC, filed a declaratory judgment action in the District of Delaware, seeking judgments that the same Wapp patents that were asserted in the Texas action were invalid and that the accused software did not infringe those patents.

Back in the Texas action, MF plc moved to dismiss for lack of personal jurisdiction, arguing that MF plc is a foreign corporation without ties to Texas. The Texas court ordered jurisdictional discovery. On June 10, 2019, Wapp filed a motion for leave to file an amended complaint to add five subsidiaries of MF plc as defendants.

In August 2019, the Texas court granted MF plc's motion to dismiss upon finding that MF plc, the sole defendant in the case at the time, was not subject to personal jurisdiction in Texas. In the same order, however, the court granted leave for Wapp to amend the complaint to remove allegations against MF plc and to add the five subsidiaries of MF plc (petitioners here).

MF plc then filed a motion to transfer the Texas action to Delaware, invoking the first-to-file rule, and argued that the Delaware action and not the Texas action should be considered the first-filed because it was the first court to obtain personal jurisdiction over the parties.

The Texas court denied the motion to transfer, finding that "[t]he argument's threshold premise—that the Court could not possess this controversy for purposes of the first-to-file rule until the date of the amended complaint because

it did not have personal jurisdiction over [MF plc]—is erroneous." This petition followed.

We note that the Texas court recently issued its claim construction order. *See Wapp Tech Ltd. P'ship v. Micro Focus Int'l PLC*, No. 4:18-cv-00469-ALM, ECF No. 176 (Apr. 27, 2020). Meanwhile, the Delaware court has stayed its action, noting its belief that "[i]t certainly looks like the case in Texas is the first filed case."

## DISCUSSION

A writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). A petitioner must satisfy three requirements: (1) the petitioner must "have no other adequate means to attain the relief" desired; (2) the petitioner must show that the "right to issuance of the writ is clear and indisputable"; and (3) the petitioner must convince the court that the writ is "appropriate under the circumstances." *Id.* at 380–81 (internal quotation marks and citations omitted).

SSI cites several cases dealing with the first-to-file rule, which "generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (citation omitted); *see also West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985) (noting that the usual rule is for the court of first jurisdiction to resolve the issues when cases before two different federal district courts are the same or very similar).[1] But SSI cites no appellate court

---

[1]    We need not decide whether to apply regional or Federal Circuit law in evaluating the district court's analysis of the first-to-file rule, as the parties have not shown any material difference between the circuits here.

case that has held that first-filed status is determined by which court first secures personal jurisdiction over the parties.

Nor are we aware of any appellate case that has spoken of the first-filed rule in such terms. *See, e.g.*, *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (emphasizing priority for the court that first "seized of the issues" (internal quotation marks and citation omitted)); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) (explaining generally that "the court initially seized of a controversy should be the one to decide whether it will try the case"); *see also Penn Gen. Cas. Co. v. Pennsylvania*, 294 U.S. 189, 196 (1935) (giving preference to the court "whose jurisdiction and process are first invoked by the filing of the bill"); *Smith v. McIver*, 22 U.S. (9 Wheat.) 532 (1824) ("In all cases of concurrent jurisdiction, the Court which first has possession of the subject, must decide it conclusively."); *see also Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999) (refusing to incorporate a jurisdictional analysis into the rule).

At best, SSI has shown that different district courts have appeared to reach contrasting views on whether to adopt such an approach. *Compare Mallinckrodt Med. Inc. v. Nycomed Imaging AS*, No. 4:98CV444 ERW, 1998 WL 962203, at *5 (E.D. Mo. Nov. 13, 1998) (transferring under circumstances similar to those in this case); *with Advanta Corp. v. Visa U.S.A., Inc.*, No. 96-7940, 1997 WL 88906, at *3 (E.D. Pa. Feb. 19, 1997) ("The first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute."); *and Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 267 (D. Del. 1997) ("This Court first acquired subject matter jurisdiction over the dispute in December of 1996. Accordingly, the Delaware action is considered first-filed, regardless of the addition of a new party in February.").

At a minimum, the above-noted disagreement and lack of precedential support means that SSI's right to transfer based on the first-to-file rule is not clear and indisputable. In addition, the extraordinary nature of the remedy, apparent agreement between the Delaware and Texas courts, and stay of the Delaware proceedings, belies any need for this court to give any strong consideration to weighing in on whether to adopt such a rule here. *See Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (purpose of the first-to-file rule is to "avoid conflicting decisions and promote judicial efficiency" (internal quotation marks and citation omitted)). We therefore deny SSI's request for mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

June 18, 2020          /s/ Peter R. Marksteiner
    Date               Peter R. Marksteiner
                       Clerk of Court

s35