# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2022

Lyle W. Cayce
Clerk

No. 22-30286

Pontchartrain Partners, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Tierra de Los Lagos, L.L.C., *doing business as* Bee Sand Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-1765

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:

Plaintiff-Appellant Pontchartrain Partners, L.L.C., appeals the district court's grant of Defendant-Appellee's Motion to Dismiss Anticipatory Lawsuit and Motion to Transfer Venue to the Southern District of Texas, Galveston Division, in the Alternative. We AFFIRM.

I.

Pontchartrain Partners, L.L.C. ("Pontchartrain") and Tierra De Los Lagos, L.L.C. d/b/a Bee Sand Company ("Bee Sand") are construction

No. 22-30286

companies involved in a breach-of-contract dispute. In June 2021, Bee Sand sued Pontchartrain in Texas state court. Pontchartrain removed the case to federal court in July. Later that month, Bee Sand voluntarily dismissed the case, and explained to Pontchartrain that it intended to refile in September—after a new Texas law governing attorney's fees went into effect. Bee Sand also offered to refile in federal court to spare Pontchartrain the expense of a second removal, and Pontchartrain said that it would consider the matter.

Instead of responding to this offer, Pontchartrain sought to preempt Bee Sand by suing in Louisiana state court on August 26, 2021. Pontchartrain requested a declaratory judgment in its favor. Bee Sand removed this case to federal court and refiled its previous suit in Texas state court on September 3, 2021—a case that has also since been removed to federal court. In response to Pontchartrain's declaratory judgment action, Bee Sand argued that it was anticipatory in nature, meaning that the Southern District of Texas is the proper forum for this dispute. The district court agreed and dismissed the case, admonishing Pontchartrain's counsel "to stop the childish fighting in the sandbox and return to the very able federal court in the Southern District of Texas to address this serious matter." Pontchartrain appealed, hoping to continue its playground squabble in this forum.

## II.

We review a district court's dismissal of a declaratory judgment action for abuse of discretion. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 389 (5th Cir. 2003).

## III.

Pontchartrain filed suit in Louisiana before Bee Sand refiled its lawsuit in Texas. Given this, Pontchartrain argues that the district court should have applied the "first-to-file" rule and refrained from dismissing its declaratory judgment action. Pontchartrain is mistaken.

No. 22-30286

In deciding whether to dismiss a declaratory judgment action, district courts must consider at least six factors:

(1) whether there is a pending action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff's suit is anticipatory;

(3) whether the plaintiff engaged in forum shopping;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedent in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses; and

(6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy.

*Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). In performing this analysis, the district court should "balance[] the purposes of the Declaratory Judgment Act" with the reasons for abstaining from deciding a case on the merits. *Ibid.*

Alongside these considerations, in situations where, as here, there exist two separately filed lawsuits pending in different courts, "[t]his circuit has recognized and applied . . . the first-filed rule." *W. Gulf Mar. Assoc. v. ILA Deep Sea Lo. 24*, 751 F.2d 721, 730 (5th Cir. 1985) (citing *Mann Mfg., Inc v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971)). This "'first-to-file' rule is grounded in principles of comity and sound judicial administration." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). To effectuate these principles, the rule provides that "[i]n the absence of 'compelling circumstances,' the district court who gets the suit first should be the one to decide the case." *Excel Music, Inc. v. Simone*, No. CIV. A. 95-3626, 1996 WL 5708, at *6 (E.D. La. Jan. 5, 1996) (quoting *Mann*, 439 F.2d at 407). But where such "compelling circumstances" exist, dismissal of a

first-filed declaratory judgment action may be appropriate. *See Missions Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983) (affirming dismissal of first-filed declaratory judgment action after finding "indications that forum-shopping was an element in this case"); *see also Abbott Lab'ys v. Gardner*, 387 U.S. 136, 155 (1967) ("A court may even in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere.").

Pontchartrain argues that there was "no litigation pending between the parties" after Bee Sand's voluntary dismissal, meaning that it "was well within its rights to file suit." Because its suit was technically the first to be filed, Pontchartrain suggests that the "first-to-file" rule served as an independent limitation on the district court's ability to dismiss the case. We disagree. The district court fully understood that Pontchartrain's suit was technically the first to be filed. But it nevertheless found that compelling reasons warranted dismissal. Pontchartrain's arguments fail to sufficiently engage with these reasons.

First, guided by the aforementioned six factors, the district court concluded that this action and Bee Sand's Texas lawsuit were duplicative. It then found that Pontchartrain's Louisiana lawsuit was anticipatory in light of the fact that Bee Sand had informed Pontchartrain of its intent to refile. Because Pontchartrain nevertheless filed this suit, the district court found that Pontchartrain was motivated by a "race to the courthouse." This "race to the courthouse" represented a misuse of the Declaratory Judgment Act that attempted to preempt the proper plaintiff's forum choice. These reasons, combined with the district court's consideration of the remaining abstention factors, provided adequate justification for granting Bee Sand's motion. Moreover, these same reasons more than satisfy the "compelling circumstances" needed to obviate the "first-to-file" rule's application, so the district court was not obligated to hear this case under that rule.

No. 22-30286

Accordingly, the district did not abuse its discretion. Because we find that the district court did not abuse its discretion in dismissing Pontchartrain's anticipatory lawsuit, Pontchartrain's jurisdictional and venue arguments need not be considered.

\*      \*      \*

The district court's judgment is AFFIRMED.