# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-10329

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2024

Lyle W. Cayce
Clerk

DIRTT Environmental Solutions, Incorporated,

*Plaintiff—Appellant*,

*versus*

Falkbuilt, Incorporated; Falkbuilt Limited,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-1483

———————————————————————

Before Clement, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

The district court dismissed this suit based on *forum non conveniens* grounds. We AFFIRM.

This dispute started in 2018 with the ouster of Canadian citizen Mogens Smed as the Chief Executive Officer of DIRTT Environmental Solutions, Ltd. ("DIRTT Ltd."). DIRTT Ltd. is the Canadian parent company of DIRTT Environmental Solutions, Inc. ("DIRTT Inc."), the plaintiff in

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

this case. DIRTT Inc. is incorporated in Colorado and is the wholly-owned subsidiary of DIRTT Ltd. After his dismissal from DIRTT Ltd., Smed founded the Canadian company Falkbuilt, Ltd.; Falkbuilt, Inc. is its U.S. subsidiary (together, the "Falkbuilt entities").

In May 2019, DIRTT Ltd. sued Falkbuilt, Ltd., Smed, and another individual in a Canadian court, asserting that they appropriated trade secrets and recruited its employees and affiliates. DIRTT Inc. has since been added as a plaintiff to that litigation.

In December 2019, DIRTT Inc. filed a separate suit in the United States District Court for the District of Utah, claiming that its former Utah-based employee Lance Henderson had copied confidential DIRTT computer files before leaving to work for Falkbuilt, Ltd. in the United States. Falkbuilt, Ltd. was one of the initial defendants to that suit. DIRTT Inc. later amended its complaint to add Falkbuilt, Inc. and Smed as defendants, as well as DIRTT Ltd. as a plaintiff.

The Falkbuilt entities and Smed moved to have the amended complaint in Utah district court dismissed for *forum non conveniens*, arguing that Canada was the more appropriate forum. The other defendants, Lance and Kristy Henderson, and Falk Mountain Shares LLC, did not join the motion. On May 21, 2021, the Utah district court granted the motion to dismiss but only with respect to the Falkbuilt entities and Smed. This left the Hendersons and Falk Mountain Shares LLC as defendants to the Utah suit.

Following that decision, DIRTT Inc. filed the present suit in the United States District Court for the Northern District of Texas on June 24, 2021. The differences between the Utah and Texas lawsuits include

somewhat different parties and a more limited claim for damages.[1] Not concerned about the differences, the Texas district court adopted the Utah district court's *forum non conveniens* analysis and dismissed the action without prejudice on March 10, 2022.

On April 11, 2023, the Tenth Circuit reversed the Utah district court. *DIRTT Env't Sols., Inc. v. Falkbuilt Ltd.*, 65 F.4th 547, 556 (10th Cir. 2023). The circuit court held that the district court abused its discretion by dismissing the action on *forum non conveniens* grounds as to the Falkbuilt entities and Smed but allowing it to proceed against the other defendants. *Id.* at 549. The case was remanded with instructions for the district court to exercise jurisdiction over the entirety of the action, expressly disclaiming any further review of the district court's *forum non conveniens* analysis. *Id.* at 555–56. DIRTT Inc. now seeks reversal of the Texas district court's *forum non conveniens* dismissal because of that court's reliance on the now-overruled Utah district court decision.

This court may affirm the district court's judgment "on any basis supported by the record." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019) (citation omitted). The first-to-file rule was one of the arguments presented to the Texas district court. "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Defense Distrib. v. Platkin*, 55 F.4th 486, 494 (5th Cir. 2022) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)). The parties agree, and so do we, that the issues

---

[1] Only DIRTT Inc., the American subsidiary, is a plaintiff here; only the Falkbuilt entities, and not Smed, the Hendersons, or Falk Mountain Shares LLC, are defendants; and the complaint purports to limit damages to injuries sustained within the United States.

presented in this case and the case before the Utah district court substantially overlap for purposes of the first-to-file rule.

Ordinarily, the appropriate course upon a determination of substantial overlap is to transfer the case. *See Cadle Co.*, 174 F.3d at 606 (holding that the district court erred by dismissing the suit instead of transferring it). Alternatively, dismissal without prejudice in the first-to-file context is appropriate under certain circumstances. *See Mann Mfg. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) (reversing and remanding with instructions to transfer the action or dismiss the suit); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 732 (5th Cir. 1985) (vacating and remanding for the entry of an order of stay, transfer, or dismissal). Under the facts of this case, we affirm the district court's dismissal without prejudice, based on the first-to-file rule.[2]

We express no opinion on the propriety of the district court's *forum non conveniens* analysis. We also express no opinion on which jurisdiction will be the appropriate forum for these claims. It is enough to conclude that the Texas district court is not the proper one. AFFIRMED.

---

[2] DIRTT Inc. filed two separate motions for leave to supplement the record. Neither supplementation would affect our resolution of this appeal under the first-to-file rule. Accordingly, DIRTT Inc.'s motions are DENIED.